**IN RE E.I. DUPONT DE NEMOURS AND COMPANY.**

No. 09–03–195 CV.

Court of Appeals of Texas, Beaumont.

May 22, 2003.

Sandra F. Clark, M.C. Carrington, Mehaffy & Weber, Beaumont, Larry E. Cotten, S. Jan Hueber, Dennis M. Conrad, J. Kevin Clark, Kirkley Schmidt & Cotten, LLP, Fort Worth, for relator.

Glen W. Morgan, Chris Portner, Reaud, Morgan & Quinn, LLP, Beaumont, for real party in interest.

Before McKEITHEN, C.J., BURGESS and BOYD *, JJ.

* The Honorable John Boyd, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1998).

1. Tex.R.App. P. 47.4.

2. Both parties referred to the affidavit and specific entries in the log during the course of

## MEMORANDUM OPINION[1]

DON BURGESS, Justice.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Relator seeks a writ of mandamus to compel the trial judge to vacate the portion of its order denying the relator's assertions of privilege, and to either sustain the relator's assertions of privilege or to conduct an *in camera* review of the documents tendered by the relator. The trial court denied the relator's assertions of attorney-client or work product privilege on approximately 530 documents, and ordered 76 other documents to be submitted for *in camera* inspection. After reviewing the petition and record, we conclude that the relator has not shown a clear abuse of discretion or violation of a duty imposed by law.

Our April 29, 2003, order, which stayed the trial court's order to produce the documents, is lifted.

The petition for writ of mandamus, filed April 29, 2003, is DENIED.

McKEITHEN, filed a dissenting opinion.

STEVE McKEITHEN, Chief Justice, dissenting.

I respectfully dissent. The relator produced a privilege log, supplied a supporting affidavit, and produced the documents for an *in camera* inspection that the trial court inexplicably refused to conduct.[2] The real parties in interest claim that no

the hearing, and the trial court clearly considered them. Therefore, no formal offer into evidence was necessary. *In re Monsanto Co.,* 998 S.W.2d 917, 926 (Tex.App.-Waco, 1999, orig. proceeding).

*in camera* inspection was required because the relator failed to establish a *prima facie* case for privilege on the documents in question. The trial judge denied du Pont's assertions of attorney-client and work product privilege on what du Pont tells us is approximately 530 of 607 documents, without first conducting an *in camera* review of the documents to determine whether they are what the privilege log says they are. Such an action could only be proper if either the log or the supporting affidavit were fatally defective.

Du Pont provided an affidavit from a corporate paralegal, who swore that the names identified on the log as "DuPont Legal" are all names of persons who were, at the time indicated on the document, either DuPont attorneys or DuPont paralegals. The real parties in interest argue that the affidavit is insufficient because it does not identify what they say are 925 other persons identified in the log. To the contrary, the affiant does identify the persons who are not designated on the log as "DuPont Legal"; he states that he has reviewed every document on the list, and that all of the documents on the log with "DuPont Legal" names associated with a claim of attorney-client privilege "indicate a lawyer or representative of a lawyer engaging in confidential communications with a client or a representative of a client regarding professional legal services, or a lawyer or representative of a lawyer rendering professional legal services or performing a requested task for a client or representative of a client involving the rendering of professional legal services." This, I would hold, establishes *prima facie* the existence of an attorney-client privilege for all of the documents on the log that fit the description.

The affidavit must be considered in connection with the privilege log referenced in the affidavit. The log is sufficiently detailed for the real parties in interest to assess the applicability of the specific privilege being asserted. *See* TEX.R. CIV. P. 193.3(b). For example, "DUP Bates Range 0903484–3484, Date 741029," a document from "Austin RE (DuPont Legal)" to "Mfg Environmental Committee," copied to "Bonczek RR (DuPont Legal); Galloway WR; Helmers EN; Hildrew JC; Meany DM; Reichert RJ; Schmutz JF (DuPont Legal), and Sebree DB (DuPont Legal)," is a "Memo between DuPont counsel requesting legal advice and comments re: proposed amendments to regulations concerning national emissions standards for hazardous air pollutants." Since the affiant stated that all of the listed documents for which an attorney-client privilege was asserted are confidential communications between a lawyer and representatives of the client, du Pont is representing to the court that all of the persons identified in this entry are representatives of the client. This representation may not withstand scrutiny of the document itself, but without an *in camera* inspection, it is impossible to know if this is the case.

Another document, "DUP Bates Range 0903754–3754," a document from "Zapp JA Jr.," to "Reinhardt CF," does not identify either the sender or the recipient as "DuPont Legal", but the document description is "Memo prepared at request of and forwarded to DuPont counsel analyzing suggested comments on proposed asbestos standards." "Reinhardt CF" shows up on a subsequent page of the log as a recipient of a document described as "Memo forwarded to DuPont counsel requesting legal advice regarding asbestos sampling proposal."

A series of documents on the fifth page of the log from "Greening AR," bear descriptions like "Memo forwarded to DuPont counsel seeking legal advice regarding draft engineering standard." Considering the affiant avers that all such designated documents are confiden-

tial communications between lawyer and client, I would hold that, before denying the asserted attorney-client privilege, the trial court should examine the document *in camera* to determine whether A.R. Greening is a du Pont engineer seeking legal advice on a draft of a standard.

Likewise, I would hold that the relator made a *prima facie* showing of work product privilege. The affiant avers that "all the documents on the DuPont–Brignac privilege log with "DuPont Legal" names associated with a claim of work product indicate material prepared or mental impressions developed in anticipation of litigation or for trial by or for DuPont or its representatives, or a communication in anticipation of litigation or for trial between DuPont and its representatives or among its representatives." For example, page six of the log lists a document authored by "Harrington RA (DuPont Legal)," received by "Dept Occ Health Mgrs," copied to "Asbestos Committee; Environmental Quality Committee; P & IRD Mgrs," and described as "Memo from DuPont counsel providing legal advice re version of document to be distributed in response to inquiries spawned by ongoing litigation." Du Pont must now turn over this document to the real parties in interest, without a judge first examining the document to determine whether it is the work product of an attorney.

The attorney-client privilege and the limitation upon discovery of work product are set out in the Rules of Evidence and the Rules of Civil Procedure. *See* Tex.R. Evid. 503; Tex.R. Civ. P. 192.5. The procedures for assessing claims of privilege and work product are set out in the Rules of Civil Procedure, as well. *See* Tex.R. Civ. P. 193. The standard of review is established by cases such as *In re Monsanto Co.*, 998 S.W.2d 917, 922 (Tex.App.-Waco 1999, orig. proceeding). The privilege is intended to allow unrestrained communica-

tion and contact between attorney and client in all matters in which the attorney's professional advice or services are sought, without fear that these confidential communications will be disclosed by the attorney, voluntarily or involuntarily, in any legal proceeding. *In re Toyota Motor Corp.*, 94 S.W.3d 819, 822 (Tex.App.-San Antonio 2002, orig. proceeding)(citing *Huie v. DeShazo*, 922 S.W.2d 920, 922 (Tex. 1996)). The privilege thus promotes effective legal services, which in turn promotes the broader societal interest of the effective administration of justice. *Id.* It should not be cast aside for hypertechnical reasons. I would hold that the trial court abused its discretion by erroneously ordering the disclosure of privileged information, and I would order the trial court to rescind its discovery order and either rule that the documents listed on the log are not subject to production or conduct a hearing in which the requesting parties have the burden to point out to the court the specific documents that they believe require *in camera* inspection. *Id.* at 925. Regrettably, a majority of this Court denies the petition for writ of mandamus. I dissent.